# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 9, 2001 Session

## BEN B. DOUBLEDAY v. LARRY HARGROVE

**Appeal from the Chancery Court for Bedford County**
**No. 22,422      Tamra L. Smith, Chancellor**

---

### No. M2000-02648-COA-R3-CV - Filed September 21, 2001

---

This is an action to recover the balance due on a contract for the sale of timber.  The purchaser's defense was impossibility of performance, because the seller had allegedly destroyed access.  The seller testified that the purchaser cut and removed 95 percent of the timber, while the purchaser said he removed only about 40 percent owing to lack of access.  The trial judge awarded the seller a judgment for the balance owing less some off-sets not relevant here.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, J.J., joined.

Forest A. Durand, Jr., Shelbyville, Tennessee, for the appellant, Larry Hargrove.

John R. White and Ginger Bobo Shofner, Shelbyville, Tennessee, for the appellee, Ben B. Doubleday.

### OPINION

### I.

All merchantable timber, 14 inches and larger, growing on a 452-acre tract of land owned by the seller, was sold by him to the buyer [appellant] for $85,000, with $25,000 cash down, the timber to be removed within 18 months from November 22, 1996.  The payment date of the balance of $60,000 was not specified, but the parties apparently assumed the balance was due on or about the expiration of the 18-month cutting and removal period.

This action was filed April 20, 1999 to recover the balance of $60,000 owing on the contract.

The buyer answered that (1) the Statute of Frauds barred the remedy since standing timber is a part of the realty which is not described with particularity in the contract;[1] (2) the plaintiff or his agents substantially interfered with the removal of timber by "running bulldozers and other machinery on the property," making it impossible to "report to work"; (3) he broke his leg and was unable to work for five months.

## II.

The evidence for the seller revealed that the buyer cut and removed 95 percent of the marketable timber, and that he did not pay the balance owing on the contract.

The defendant testified that he cut and removed only 40 percent of the merchantable timber because the seller went upon the property with bulldozers and destroyed the logging road. He admitted that he never complained about the presence or use of the bulldozers, which were used on about 25 acres to push trees down, which affects their market value in some undescribed way. The defendant offered no proof concerning the number or value of trees that the bulldozers felled.

## III.

The trial judge was concerned about the lack of proof of damages caused by the destruction of the logging road, and allowed the defendant to reopen his case. He testified that his truck was damaged to the extent of $7,500, in a somewhat nebulous manner, and that he lost several days work owing to mechanical breakdowns, and ruined at least 12 tires. The trial judge pointedly enquired of the defendant that she was attempting to ascertain how much time he lost and the amount of damages incurred on account of conditions caused by the seller, but the enquiry was not particularly successful; the defendant eventually thought that a "possibility of somewhere between $8,000 and $10,000 worth of timber" brought only $4,500.

## IV.

The trial judge found that $60,000 remained owing on the contract, but that the defendant should be credited with $18,000 for damages he sustained owing to the sellers' actions.[2]

## V.

This was a non-jury trial, and our review is *de novo* on the record with a presumption of correctness. Rule 10(d) T.R.A.P. The sole issue presented for review is whether the evidence preponderates against the judgment. We are frank to say that it does not; in point of fact the

---

[1] This defense was abandoned.

[2] The seller did not appeal, and did not present an issue for review.

defendant was accorded a measure of equity by the trial judge ordinarily not found in breach of contract cases.

The evidence did not establish the defense of impossibility of performance of the contract, keeping in mind that the seller testified that 95 percent of the merchantable timber was removed. The evidence does not preponderate against the judgment which is affirmed at the costs of the appellant. The case is remanded for all necessary purposes.

_____
WILLIAM H. INMAN, SENIOR JUDGE